IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

MARJ SCARBERRY and
SAMUEL SCARBERRY,

        Plaintiffs,

v.                                                       Civil Action No. 5:12-CV-57
                                                      (BAILEY)

TARGET CORPORATION,

        Defendant.

## ORDER DENYING DEFENDANT TARGET CORPORATION'S
## MOTION FOR SUMMARY JUDGMENT

Currently pending before this Court are Target Corporation's Motion for Summary [Doc. 50] and a supporting memorandum of law [Doc. 51], filed May 1, 2013. The plaintiffs filed a Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment [Doc. 56] on May 17, 2013. Target Corporation filed its reply thereto [Doc. 57] on June 3, 2013. For the reasons that follow, this Court will **DENY** Target Corporation's Motion for Summary Judgment [Doc. 50].

**I.    Background**

On the evening of March 20, 2010, plaintiffs Marj and Samuel Scarberry entered the defendant's Target Store located in The Highlands, Ohio County, West Virginia. While inside the store, in the main aisle between the Market Section and Section D, Mrs. Scarberry fell in a clear liquid. As a result, Mrs. Scarberry alleges injuries to her neck,

shoulder, and back. Mr. Scarberry asserts a claim for loss of consortium.

On March 20, 2012, Marj Scarberry and Samuel Scarberry instituted this action against Target Corporation ("Target") in the Circuit Court of Ohio County, West Virginia [Doc. 1]. Defendant Target removed the case to the United States District Court for the Northern District of West Virginia on the basis of diversity jurisdiction on April 23, 2012. [Id.].

The complaint alleges that the defendant "carelessly, recklessly and negligently failed to exercise a duty of reasonable care owed" to the plaintiffs by failing "to maintain, inspect, and/or adequately clean the aisleway/walkway floor surface area wherein Plaintiff sustained her slip and fall and resulting injuries, damages and losses." [Doc. 1-2 at 3].

The defendant denies that it knew or otherwise had notice of an alleged unsafe condition on its premises and claims that the plaintiff Mrs. Scarberry failed to keep a proper lookout to avoid the substance. [Doc. 51].

## II.     Standard of Review on Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provide that summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); ***Zahodnick v. Int'l Bus. Mach. Corp.***, 135 F.3d 911, 913 (4th Cir. 1997). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." ***Anderson v. Liberty Lobby Inc.***, 477 U.S. 242, 250 (1986).

The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. ***Celotex Corp. v.***

*Catrett*, 477 U.S. 317, 323 (1986). The moving party can bear its burden either by presenting affirmative evidence or by demonstrating that the non-moving party's evidence is insufficient to establish a claim. *Celotex Corp.*, 477 U.S. at 331 (Brennan, J., dissenting). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Anderson*, 477 U.S. at 250. When making the summary judgment determination, a Court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997).

## III. Choice of Law

The instant action was removed to this Court based upon complete diversity of citizenship and an amount in controversy in excess of $75,000 [Doc. 1 at 2–5]. As a result, West Virginia choice of law rules apply. *See* **Klaxton Co. V. Stentor Elec. Mfg.**, 313 U.S. 487, 496–97 (1941). West Virginia follows the *lex loci delicti* choice of law rule, which provides that the "substantive rights between the parties are determined by the law of the place of injury." **Vest v. St. Albans Psychiatric Hosp.**, 182 W. Va. 228, 387 S.E.2d 282, 283 (1989). Here, Mrs. Scarberry's alleged injuries took place in Ohio County, West Virginia and therefore West Virginia's substantive law governs.

## IV. Analysis

The defendant asserts that it is entitled to summary judgment because the undisputed facts are legally insufficient to establish a *prima facie* case of negligence. In order to establish a negligence claim in West Virginia, a plaintiff must prove by a

preponderance of the evidence "(1) A duty which the defendant owes . . . ; (2) A negligent breach of that duty; (3) Injuries received thereby, resulting proximately from the breach of that duty." **Bullington v. Lowe's Home Ctrs.**, 2011 WL 3843929 (S.D. W.Va. Aug. 30, 2011) (citing **Webb v. Brown & Williamson Tobacco Co.**, 2 S.E.2d 898, 899 (W.Va. 1939); **Senkus v. Moore**, 535 S.E.2d 724, 727 (W.Va. 2000)).

A customer who enters a retail store at the actual or implied request of the storekeeper for the purpose of making purchases is an invitee of such storekeeper. **Rankin v. S.S. Kresge Co.**, 59 F. Supp. 613, 617 (N.D. W.Va. 1945) *aff'd*, 149 F.2d 934 (4th Cir. 1945). Here, the parties agree that the plaintiffs were invitees. A storekeeper owes an invitee the duty to exercise ordinary care, which includes a duty to use ordinary care to see that the aisles and entrances are maintained and kept in a reasonably safe condition for ordinary use of customers. **Burdette v. Burdette**, 147 W. Va. 313, 317, 127 S.E.2d 249, 252 (1962).

"The mere presence of a foreign substance on the floor does not in itself show negligence . . . if it appears that proper efforts are made to keep clean the aisles and entrances so they may be safely traversed, the storekeeper is not to be held responsible if someone accidentally slips and falls." **Rankin**, 59 F. Supp. at 617 (citing **Reynolds v. W. T. Grant Co.**, 117 W.Va. 615, 186 S.E. 603 (1936)). In order to make out a *prima facie* case of negligence in a slip and fall case, an invitee must show "(1) that the owner had actual or constructive knowledge of the foreign substance or defective condition; and (2) that the invitee had no knowledge of the substance or condition or was prevented by the owner from discovering it." **Hawkins v. U.S. Sports Ass'n**, 219 W. Va. 275, 279, 633

4

S.E.2d 31, 35 (2006) (quoting **McDonald v. Univ. of W. Va. Bd. of Tr.**, 191 W. Va. 179, 182, 444 S.E.2d 57, 60 (1994)).

The plaintiffs bear the burden of producing sufficient evidence to permit a reasonable jury to find that Target owed the plaintiffs a duty to use reasonable care under the circumstances and to raise a question as to whether Target breached its duty and could have foreseen the plaintiffs' injuries. See **Strahin v. Cleavenger**, 603 S.E.2d 197, 206–07 (W.Va. 2004).

### A. Defendant's Actual or Constructive Knowledge

The defendant argues that summary judgment is appropriate because the plaintiffs "are unable to put forth any evidence to demonstrate that the defendant had actual knowledge or the opportunity to discover the alleged defect." [Doc. 51 at 10]. This Court disagrees.

The defendant claims that evidence in this matter supports the conclusion that the spill did not exist until just minutes before Mrs. Scarberry's fall. The defendant states that Target employees are trained in spill detection and spill cleanup, and "spill stations" are located throughout the store to aid in spill cleanup. The defendant also cites the deposition testimony of three Target employees who claim to have inspected the area where Mrs. Scarberry fell approximately 15 to 40 minutes prior to the accident, none of whom observed anything on the floor. The defendant also claims that a guest went through the same aisle within one to two minutes of the plaintiff's fall and similarly noticed no liquid on the floor. The defendant claims that its safety expert found that the floor inspections by Target employees were conducted at appropriate intervals and in accordance with the standard

of care common in the industry.

The plaintiffs claim that the defendant had actual or constructive notice of the spill. The plaintiffs assert that: (1) there was an increased opportunity for spilled beverages by the defendant's operation of a Starbucks coffee shop and a Food Avenue and by not attempting to prohibit or prevent customers from carrying beverages inside the store; (2) trash receptacles in the store were inadequate and lacked visibility; (3) a Target employee assigned to the area where Mrs. Scarberry fell stated in a recorded interview that he and at least one other employee assigned to the area were not engaged in their duties of surveying their assigned section, or "zoning," during that time, and had not zoned for approximately two to three hours prior to the plaintiff's slip and fall; (4) no beverage containers were in the area and no stocked beverage products were leaking on the floor, which is evidence that an employee removed the beverage container which was the source of the spilled liquid but failed to clean up the spill; and (5) the liquid was at room temperature at the time of the fall which is evidence that the liquid was on the floor for a substantial period fo time prior to Mrs. Scarberry's slip and fall.

The Court finds that there are numerous disputed issues of material fact which preclude the granting of summary judgment. The plaintiffs and defendant dispute such facts as when Target employees inspected the area prior to the plaintiff's fall. The Court finds that a reasonable juror could find that the defendant had actual or constructive knowledge of a foreign substance that caused Mrs. Scarberry's fall. The disputed issues of material fact preclude the granting of summary judgment in this case on the issue of liability.

### B. Plaintiff's Knowledge

The defendant asserts that the plaintiff's failure to maintain a proper lookout for her own safety bars her ability to recover. The defendant points to Mrs. Scarberry's testimony at her deposition where she states that she "wasn't really paying attention to where [she] was walking because [she was looking for somebody to see about bungee cords." [Doc. 51 at 11]. The defendant's assertion presents a question of material fact which this Court will leave for the jury's consideration.

The West Virginia Supreme Court of Appeals stated:

> [a]lthough the law of this State does impose a duty upon a person to look, and to look effectively, and to exercise ordinary care to avoid a hazard, we have held that a person is not bound to be continuously looking under penalty that if he fails to do so and is injured his own negligence will defeat recovery of damages sustained.

***Bradley v. Sugarwood, Inc.***, 164 W. Va. 151, 153–54, 260 S.E.2d 839, 841 (1979). Based on the evidence before it, this Court cannot rule as a matter of law that the plaintiff's own negligence was the proximate cause of her injuries.

### V. Conclusion

For the foregoing reasons, the Court finds that Defendant Target Corporation's Motion for Summary Judgment **[Doc. 50]** should be, and hereby is, **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record.

DATED: July 1, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE

7